**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 4 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 03-4089 |
| v. | (D. Utah) |
| ABE LEHI, | (D.C. Nos. 2:02-CV-317-J and 2:92-CR-36-A) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **MURPHY** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Movant-Appellant Abe Lehi, proceeding *pro se*, filed a motion pursuant to Fed. R. Crim. P. 36 in federal district court. The district court concluded that Lehi's motion raised claims properly brought pursuant to Rule 36, as well as claims that must be brought in a 28 U.S.C. § 2255 motion. Accordingly, the district court treated Lehi's motion as both a Rule 36 motion and § 2255 motion. With regard to the correction of clerical errors in the judgment of conviction, the district court granted Lehi relief in part and denied him relief in part, holding as follows: (1) the judgment would be corrected to reflect that Lehi was sentenced on count VI pursuant to 18 U.S.C. § 4205(a) instead of 18 U.S.C. § 4205(b)(1), thereby shortening the amount of time Lehi had to serve on this count before becoming eligible for parole from thirty years to ten years;[1] and (2) the record was clear that Lehi's sentence on count VI was to run consecutively to the sentences imposed on counts III, IV, XII, and XIII. With regard to Lehi's claims arising under 28 U.S.C. § 2255, the district court concluded as follows:

> Petitioner cites no authority for his constitutional claims, and the court finds nothing in his moving papers or the applicable body of law to support the conclusion that the sentence imposed upon Mr. Lehi for the offenses to which he entered a plea of guilty—crimes involving multiple acts of sexual abuse of minor children—is so oppressive and disproportionate in relation to his admitted criminal conduct as to constitute cruel and unusual punishment. Nor does he

---

[1]The United States has not appealed the district court's decision to correct the judgment to indicate that Lehi's sentence on count VI was pursuant to 18 U.S.C. § 4205(a).

make any colorable showing of a denial of due process or of equal protection, whether based upon his indigence, or otherwise.

On appeal, Lehi does not reassert the arguments that his sentences violate the Fifth and Eighth Amendments.[2] Instead, he argues that the district court erred in refusing to fully correct the judgment pursuant to Rule 36. This court exercises jurisdiction over Lehi's appeal of the district court's partial denial of Rule 36 relief pursuant to 28 U.S.C. § 1291.[3] As the transcript quoted by the district court makes clear, the sentencing court clearly intended that the sentence imposed on count VI was to run consecutively to the sentences imposed on all other counts.

Lehi is simply incorrect in asserting that 18 U.S.C. § 4205 is in any way relevant to his sentences on counts III, IV, XII, and XIII. Those convictions were for conduct which occurred after the Sentencing Guidelines came into effect. The Sentencing Reform Act of 1984 repealed § 4205, replacing the pre-Guidelines parole-based system "in favor of more uniformly determined, definite release dates combined with supervised release." *Verner v. United States Parole Comm'n*, 150 F.3d 1172, 1175 n.5 (10th Cir. 1998). Accordingly, to the extent Lehi is arguing that the district court should have corrected the judgment to reflect that he is eligible for parole after having served some portion of his

---

[2]Accordingly, Lehi's request for a certificate of appealability is hereby **denied** as moot.

[3]This court **grants** Lehi's motion to proceed on appeal *in forma pauperis*.

concurrent sentences on post-Guidelines counts III, IV, XII, and XIII, he is incorrect as a matter of law.

For those reasons set out above, this court **affirms** the district court's partial denial of Lehi's Rule 36 motion for substantially those reasons set forth by the district court.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge